**TRANSAMERICA INSURANCE GROUP, Appellant,**

v.

**MAYTAG, INC. et al., Appellees.**

[Cite as *Transamerica Ins. Group v. Maytag, Inc.* (1994), 99 Ohio App.3d 203.]

Court of Appeals of Ohio,
Summit County.

No. 16775.

Decided Dec. 14, 1994.

204

*Reginald S. Kramer, Carol A. Griffin* and *Michelle F. Kitch,* for appellant.
*Timothy Ochsenhirt, Aretta Bernard* and *Stephen Markus,* for appellees.

QUILLIN, Presiding Judge.

Appellant, Transamerica Insurance Group ("Transamerica"), appeals from the trial court's order which dismissed Transamerica's complaint against appellees, Maytag Corporation, Inc. ("Maytag") and Fretter, Inc. ("Fretter") as a sanction for spoliation of evidence. We reverse.

This case arises out of a fire which caused damage to the home of Ronald and Carol Kane. Transamerica insured the Kanes' home and its contents against fire loss. Transamerica paid the Kanes for their loss under the insurance policy and hired professional engineer Richard Kovarsky to investigate the scene and to determine the origin of the fire. Kovarsky concluded that the fire was caused by a faulty power cord of a refrigerator manufactured by Maytag and sold by Fretter. Kovarsky took photographs of the refrigerator and retained the power cord, but failed to preserve the refrigerator itself.

Transamerica exercised its subrogation rights and filed a complaint against Maytag and Fretter alleging negligence, breach of implied warranty, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. Maytag filed a motion for summary judgment, asserting that because the subject of the lawsuit was destroyed prior to suit being filed by Transamerica, the doctrine of spoliation provides a complete defense to its liability. Fretter filed its motion for summary judgment, incorporating Maytag's arguments. Upon review of the summary judgment motions, the trial court ordered dismissal of Transamerica's complaint with prejudice. Transamerica appeals from the trial court's dismissal of its complaint, asserting a single assignment of error.

### Assignment of Error

"The trial court abused its discretion in granting summary judgment in favor of the defendants because Transamerica's failure to preserve the refrigerator did not result in prejudice to the defendants sufficient to warrant dismissal of the action and because Transamerica's failure to preserve the refrigerator in the circumstances of this case merited a sanction short of dismissal."

Initially, we must determine whether the court's order was a summary judgment order or an outright dismissal of the action as a sanction and apply the appropriate standard of review. Appellant characterizes the trial court's order as a sanction, which requires this court to determine whether the trial court abused its discretion in determining the appropriate sanction. *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 178, 521 N.E.2d 1116, 1119–1120. Appellees characterize the trial court's order as an order granting summary judgment.

The issue came before the court upon the appellees' motions for summary judgment. Maytag's reply brief in support of its summary judgment motion requested the court to grant summary judgment employing the following two-step process:

"Maytag maintains that summary judgment is appropriate insofar as the proper sanction for spoliation of the refrigerator is to exclude all of Plaintiff's evidence regarding the condition of the refrigerator. *Travelers, supra.* That evidence is properly excluded as a matter of law, which essentially requires an equal playing field. Without that evidence Plaintiff cannot prove causation which entitles Maytag to judgment."

Despite this request, it is clear that the court ordered an outright dismissal of the case with prejudice as a sanction, rather than striking evidence regarding the condition of the refrigerator and reviewing the case for summary judgment without the excluded evidence. A review of the trial court's order reveals that the court considered dismissal of Transamerica's complaint an appropriate sanction for Transamerica's spoliation of evidence:

"This court has reached the conclusion that, in the case at bar, the destruction of the evidence is sanctionable. * * *

"Accordingly, since the refrigerator cannot be recreated and since its destruction is attributable to Transamerica's deliberate actions, dismissal of its complaint is warranted. Based on the demonstrable prejudice to the Defendants, it is within the inherent power of this court to dismiss Plaintiff's complaint. * * * Transamerica's actions, to bring a products liability action against a manufacturer after the product was destroyed, were unconscionable. It would be contrary to law to allow the Defendants to defend this case when they have been completely denied any access to the product. Summary judgment is appropriate in this situation, as no other result would allevate [*sic*] the prejudice the Plaintiff's actions caused the Defendants."

Accordingly, we will review the trial court's order for an abuse of discretion.

■■■ Ordinarily, Ohio courts have followed the policy of imposing the least severe sanction, or at least a sanction short of outright dismissal of the action with prejudice, unless the plaintiff's conduct evidences bad faith. *Evans v. Smith* (1991), 75 Ohio App.3d 160, 163, 598 N.E.2d 1287, 1288–1289. In the case *sub judice* there is no suggestion that the affirmative destruction of the refrigerator can be attributed to Transamerica or anyone under its control. Rather, the action which the trial court found to be sanctionable is Kovarsky's failure to cause the refrigerator to be preserved. While such activity is clearly sanctionable, the sanction imposed must not be disproportionate to the seriousness of the infraction

under the facts of the case. *Russo, supra,* 36 Ohio App.3d at 179, 521 N.E.2d at 1120–1121.

 We believe that the trial court went too far in ordering an outright dismissal of the case for Transamerica's failure to cause the refrigerator to be preserved. Whenever possible, the trial court should impose the least severe sanction which effectively removes the prejudice caused by the sanctioned party's wrongdoing. We are not convinced that a less onerous sanction was unavailable. In so holding, we do not imply that a court necessarily goes too far when the sanction imposed has the practical effect of rendering a plaintiff incapable of proving an essential element of its case and therefore rendering the case subject to a motion for summary judgment for lack of proof. Rather, we merely hold that an outright dismissal with prejudice was a disproportionate sanction in the case *sub judice.* Appellant's assignment of error is sustained.

The judgment of the trial court is reversed.

*Judgment reversed.*

BAIRD, J., concurs.

EDWARD J. MAHONEY, J., concurs separately.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.

EDWARD J. MAHONEY, Judge, concurring.

In this spoliation case, the appellees filed a motion for summary judgment which embodied a motion for sanctions. I believe these cases should involve two distinct motions and two hearings rather than one convoluted hearing in which the evidence is conjectural, predicated upon the "what ifs" of which way the court rules on the sanction request.

Fairness and due process require that the side that has been sanctioned should have the opportunity to defend against the motion for summary judgment when it knows the state of the evidentiary record after the court's ruling on the sanction motion.

BAIRD, J., concurs in the foregoing concurring opinion.