HAMILTON MUTUAL INSURANCE COMPANY
OF CINCINNATI, OHIO, Appellant,

v.

FORD MOTOR COMPANY, Appellee.

[Cite as *Hamilton Mut. Ins. Co. of Cincinnati v. Ford
Motor Co.* (1997), 122 Ohio App.3d 611.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–96–072.

Decided Sept. 12, 1997.

Korleen M. Bialecki, for appellant.

Elizabeth B. Wright and Kevin M. Magnuson, for appellee.

Per Curiam.

This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, Ford Motor Company. Plaintiff-appellant, the Hamilton Mutual Insurance Company of Cincinnati, Ohio ("Hamilton"), asserts the following assignment of error for our review:

"The trial court erred in granting defendant-appellee's combined motion to exclude plaintiff's expert from testifying at trial, to dismiss for spoliation of evidence and for summary judgment as to liability or causation."

On December 27, 1993, the engine compartment of a 1993 Ford Econoline conversion van, owned by appellant's insureds, Walter and Beverly Blair, became engulfed in flames after the Blairs pulled into a rest stop along I–75 in Wood County, Ohio, and while the engine was turned off. As a result of the fire, the van and its contents were destroyed, and appellant paid the Blairs $24,228.71 pursuant to the terms of the Blairs' motor vehicle and home owners' insurance policies with appellant. Subsequently, Hamilton filed a complaint against Ford Motor Company and Mathews Ford–Sandusky[1] to recover the amount paid to the Blairs. The allegations against Ford Motor Company sounded in products liability. Specifically, Hamilton averred that the van was defectively designed, manufactured, or assembled and was not safe for the use and purpose for which it was sold and delivered in that the left front fuel injector allowed gasoline and/or gasoline vapors to leak into the engine compartment.

On September 16, 1996, Hamilton disclosed that Rick D. Spencer might be called to testify as an expert witness at the trial of this matter. Subsequently,

---

1. In a judgment entry dated September 6, 1996, the trial court granted Mathews Ford–Sandusky's motion for summary judgment. That judgment has not been challenged by appellants on appeal.

Ford deposed Spencer and, thereafter, filed a combined motion to exclude Hamilton's expert, to dismiss, and for summary judgment. Ford asserted that Spencer was unqualified to give expert testimony regarding alleged defects in the van and that, absent Spencer's testimony, Hamilton had no proof to support its claims of design and manufacturing defects against Ford. In addition, Ford claimed that prior to filing this action and before Ford could inspect the van, Hamilton removed the intake manifold from the engine and sold the van for salvage. Ford therefore asserted that Hamilton's spoliation of evidence denied Ford the opportunity to defend against the allegation of a defective fuel injector and required dismissal of the case. In opposition, Hamilton asserted that Spencer was a qualified expert. On the spoliation-of-evidence issue, Hamilton argued that Ford had had numerous opportunities to inspect the vehicle, which it declined. In support, Hamilton submitted the affidavit of Diane Cronin, a claims representative with Hamilton, who attested that between January 31, 1994 and May 6, 1994, Cronin had informed a representative of Ford on several occasions that the van was available for inspection. Moreover, Cronin informed Ford that the storage charges were accumulating and Hamilton wanted to handle the salvage as soon as possible. Ford, however, indicated that it did not intend to inspect the van but requested that Cronin send it the defective parts. Cronin declined, asserting her concern that the parts would become lost. Cronin further offered to bring the parts to Ford for inspection at Ford's expense. Ford, however, responded by again requesting the defective parts. Subsequently, on May 16, 1994, Hamilton sold the van for salvage.

On November 15, 1996, the trial court filed a judgment entry and decision granting Ford's combined motion. In particular, the court excluded Spencer's testimony as a sanction for spoliation of evidence. The court further excluded the testimony on the ground that Spencer was not qualified to testify as an expert. Upon review of the remaining evidence, the court determined that no genuine issues of material fact remained, granted summary judgment in favor of Ford, and dismissed the case.

Appellant's assignment of error raises two issues: whether the trial court erred in excluding Spencer as an expert witness and, therefore, granting the motion for summary judgment; and whether the court erred in excluding Spencer's testimony as a sanction for spoliation of evidence.

■ Initially, we will address the spoliation issue. In *Cincinnati Ins. Co. v. Gen. Motors Corp.* (Oct. 28, 1994), Ottawa App. No. 94–OT–017, unreported, 1994 WL 590566, we addressed at length the application of the spoliation-of-evidence doctrine in products liability cases. In short, we stated: "In product liability cases where evidence is intentionally or negligently 'spoiled' or destroyed by a plaintiff or his expert before the defense has an opportunity to examine that

evidence for alleged defects, a court may preclude any and all expert testimony as a sanction for 'spoliation of evidence.'" *Id.*, citing *Nally v. Volkswagen of America* (1989), 405 Mass. 191, 539 N.E.2d 1017. A review of the record in the present case reveals that prior to filing the lawsuit, Hamilton gave Ford numerous opportunities to inspect the van, which Ford rejected. Indeed, after Hamilton notified Ford that the storage charges on the van were accumulating and Hamilton wanted to sell the van for salvage, Ford notified Hamilton that it had no intention of inspecting the van. Under these circumstances, we find that the trial court abused its discretion in ruling that Spencer's testimony should be excluded as a sanction for spoliation.

We will now address the parties' arguments relative to the summary judgment ruling. In reviewing a ruling on a motion for summary judgment, we must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

■ In the proceedings below, Hamilton alleged that Ford had defectively designed and manufactured the O-ring in the left front fuel injector, which allowed gasoline and/or gasoline vapors to leak into the engine compartment. When the gasoline and/or gasoline vapors then came in contact with a spark or ignition source in the engine compartment, Hamilton averred, the engine and van caught on fire. In a products liability action involving a defect in an automobile, a plaintiff must prove the following by a preponderance of the evidence:

" '(1) [T]here was, in fact, a defect in the product manufactured and sold by the defendant; (2) such defect existed at the time the product left the hands of the defendants; and (3) the defect was the direct and proximate cause of the plaintiff's injuries or loss.' " *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 5–6, 523 N.E.2d 489, 492–494, quoting *State Auto. Mut. Ins. Co. v. Chrysler Corp.* (1973), 36 Ohio St.2d 151, 65 O.O.2d 374, 304 N.E.2d 891, paragraph two of the syllabus.

■ In granting Ford summary judgment, the trial court found that appellant's proposed expert witness, Spencer, was not qualified to offer an expert opinion as to the design or manufacturing of any automobile component. The court based this finding on Spencer's own deposition testimony. That testimony revealed that Spencer was a certified fire and explosion investigator with over twelve years of experience in investigating fires and their origins. Spencer admitted, however, that he had no experience in the design and manufacturing of

automobiles or their components, that automobile design was not his expertise, and that he could not explain how Ford should design the fuel injector rails. In addition, it is noteworthy that Spencer's opinion of the defect in the design of the van differed from that asserted by Hamilton. Spencer opined that O-ring itself was not defective but that the design was defective because of the placement of the fuel injector rail.

Evid.R. 702 governs the admission of expert testimony and reads:

"A witness may testify as an expert if all of the following apply:

"(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

"(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

"(C) The witness' testimony is based on reliable scientific, technical, or other specialized information."

The admission or exclusion of expert testimony rests within the sound discretion of the trial court. *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 24 O.O.3d 322, 436 N.E.2d 1008, syllabus. Therefore, only when a trial court's inclusion or exclusion of evidence amounts to a clear and prejudicial abuse of discretion will the court's ruling be overturned on appeal. *Id.* at 222, 24 O.O.3d at 324–325, 436 N.E.2d at 1011–1012. A trial court abuses its discretion when its attitude is unreasonable, arbitrary or unconscionable. *Id.* at 219–220, 24 O.O.3d at 323–324, 436 N.E.2d at 1010–1011.

Given Spencer's deposition testimony regarding his lack of experience in matters relating to the design and manufacturing of automobiles and their components, we cannot find that the trial court abused its discretion in finding that Spencer was not qualified to testify as an expert in the proceedings below.

█ Appellant contends that Spencer's testimony should still have been admitted in that he was qualified to testify as an expert on the origin of the fire, *i.e.* the leaky fuel injector, and that such testimony amounted to circumstantial evidence of a product defect. In support, appellant cites *State Farm Fire & Cas. Co. v. Chrysler Corp., supra,* 37 Ohio St.3d at 6, 523 N.E.2d at 493–494, in which the Supreme Court of Ohio stated: "Where direct evidence is unavailable, a defect in a manufactured product existing at the time the product left the manufacturer may be proven by circumstantial evidence where a preponderance of that evidence establishes that the loss was caused by a defect and not other possibilities, although not all other possibilities need be eliminated." In that case, however, the plaintiffs purchased a new car, which subsequently experienced a

series of electrical problems. The plaintiffs had taken the car to the dealer on numerous occasions in attempts to solve the problems. After the plaintiffs owned the car for approximately five months, they again experienced trouble with the car and noted a burning smell inside the vehicle. Thereafter, when the car was parked in the plaintiffs' garage and had not been driven for several hours, something in the vehicle ignited destroying the car and damaging the plaintiffs' home. The plaintiffs' expert was able to identify the location of the fire's origin but, due to the total destruction of the wiring and electrical components, was unable to positively identify the cause of the fire. The Supreme Court accepted this evidence, along with the history of the car's problems as testified to by the plaintiffs, as circumstantial evidence that the origin of the fire was electrical in nature. Nevertheless, the court affirmed the granting of summary judgment in favor of Chrysler because "this evidence does not permit reasonable minds to conclude that the source of the fire was a manufacturing defect in the electrical wiring present *when the automobile left the hands of the manufacturer.*" (Emphasis *sic.* ) *Id.* at 9, 523 N.E.2d at 496–497. That is, the court held that plaintiffs had not met their burden of establishing a product defect.

Similarly, in the present case, we conclude that Spencer's testimony regarding the origin of the fire does not amount to circumstantial evidence of a design defect. In *State Farm,* the court stated:

"[T]o fix liability for a design defect, it remains incumbent upon a plaintiff to establish the element of causation—to prove by a preponderance of the evidence that it was some aspect of the challenged design which rendered the product's performance less safe than the ordinary consumer would expect, resulting in injury." *Id.* at 7, 523 N.E.2d at 494–495.

We cannot say that Spencer's testimony regarding the origin of the fire raised a genuine issue of material fact as to whether a design defect caused the fire.

Accordingly, the trial court did not err in granting Ford summary judgment on Hamilton's product liability claims. The sole assignment of error is, therefore, not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

GLASSER, SHERCK and KNEPPER, JJ., concur.