LOUKINAS et al., d.b.a. D & G Automotive, Appellants,

v.

ROTO–ROOTER SERVICES COMPANY, Appellee.

[Cite as Loukinas v. Roto-Rooter Servs. Co., 167 Ohio App.3d 559, 2006-Ohio-3172.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050354.

Decided June 23, 2006.

Benjamin, Yocum & Heather, L.L.C., and Christopher J. Mulvaney, for appellants.

Rendigs, Fry, Kiely & Dennis, L.L.P., Cynthia M. Chiaro, and George J. Zamary, for appellee.

---

GORMAN, Judge.

{¶ 1} Plaintiff-appellants, David and Gail Loukinas, d.b.a. D & G Automotive ("D & G Auto"), appeal from the trial court's order granting summary judgment in favor of defendant-appellee, Roto–Rooter Services Company, on D & G Auto's claims seeking recovery for (1) Roto–Rooter's negligent installation of an oil-interceptor system, (2) personal injuries sustained by Gail Loukinas, (3) David Loukinas's loss of consortium, (4) defamation, and (5) payment due from Roto–Rooter on account. In a single assignment of error contesting the summary judgment, D & G Auto raises three issues: (1) Did the trial court abuse its discretion in finding that D & G Auto had committed spoliation of the evidence? (2) Was the trial court's exclusion of the affidavit of D & G Auto's expert as a sanction for spoliation too drastic? (3) Was summary judgment for Roto–Rooter appropriate? Because the deposition of David Loukinas created genuine issues of material fact concerning whether Roto–Rooter had negligently damaged a drain line during the installation of the oil-interceptor system on D & G Auto's premises, we hold that the trial court erroneously granted summary judgment on that claim. In all other respects we affirm the trial court's judgment.

{¶ 2} D & G Auto is an auto repair shop owned by David and Gail Loukinas. In October 1998, D & G Auto contracted with Roto–Rooter, a plumbing company, for the installation at its business premises of a drain system, an oil interceptor, and three blast-proof lids. In November 1998, Roto–Rooter completed the installation. Six months later, David Loukinas, in preparation for creating additional garage bays, removed the tape used by Roto–Rooter to cover the drains. In January 2000, Roto–Rooter returned to the premises to alleviate the backup of oil and sewage and to drain water. Between August 2000 and January 2001, Roto–Rooter twice returned to D & G Auto to deal with reported backup problems. In March 2001, D & G Auto ordered Roto–Rooter not to return.

{¶ 3} In October 2, 2001, D & G Auto sued Roto–Rooter in common pleas court. In pretrial discovery, the parties agreed that Brody B. Jacobs, a plumber engaged by D & G Auto, could excavate the area where Roto–Rooter had installed the oil interceptor. On August 1, 2003, counsel for the parties, David and Gail Loukinas, and employees of Jacobs and Roto–Rooter assembled by agreement at D & G Auto for the excavation. Roto–Rooter objected to the

excavation, however, when it learned that Jacobs had not obtained the required permits and that D & G Auto still had not provided it with the promised protocol for conducting the excavation. In lieu of the excavation, Jacobs ran a television camera through the drain line. The inspection disclosed a collapsed clay drain line. The parties and their counsel agreed to postpone the excavation until Roto–Rooter was given the protocol and Jacobs had obtained the necessary permits. Roto–Rooter specifically requested to be present at the excavation.

{¶ 4} On October 1, 2003, Roto–Rooter moved for summary judgment on all claims in D & G Auto's complaint. On October 16, 2003, D & G Auto filed a Civ.R. 41(A) voluntary dismissal of all claims against Roto–Rooter. At some time after the dismissal of the first complaint, without Roto–Rooter's knowledge or notice to its counsel, D & G Auto had Jacobs excavate the installation site. Roto–Rooter maintains that the excavation occurred in early November 2003. D & G Auto maintains that the excavation occurred on or after October 18, *2004*.

{¶ 5} It is undisputed, however, that on November 26, 2003, D & G Auto refiled its complaint against Roto–Rooter. On February 5, 2005, Roto–Rooter again moved for summary judgment, with evidentiary material attached, including the affidavit of Jim Larkin, an engineering service manager for Roto–Rooter. It also moved the trial court to exclude all evidence and opinions based upon the physical evidence that had been spoliated and was no longer available for inspection by Roto–Rooter, including the opinion of D & G Auto's expert. On March 4, 2005, D & G Auto filed its memorandum in opposition, attaching, inter alia, the Jacobs affidavit. After conducting the excavation, Jacobs offered his opinion that Roto–Rooter had performed the installation in an "unworkmanlike and negligent manner" (1) in placing the oil interceptor too close to the clay drain line and (2) in breaking the line with its backhoe bucket during the installation. One month after hearing the arguments of counsel, the trial court granted Roto–Rooter's motions and entered judgment. This appeal followed.

## The Summary–Judgment Standard

{¶ 6} A motion for summary judgment shall be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated, (2) that the moving party is entitled to judgment as a matter of law, and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C); see, also, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Because summary judgment presents only questions of law, an appellate court reviews the

record de novo. See *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

{¶ 7} The party moving for summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt,* 75 Ohio St.3d at 293, 662 N.E.2d 264. When, as here, the moving party discharges that burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts," by the means listed in Civ.R. 56(C) and 56(E), showing that a triable issue of fact exists. Id.

{¶ 8} While only disputes over genuine factual matters that affect the outcome of the suit will preclude summary judgment, trial courts should award summary judgment with caution, being careful to construe the evidence in favor of the nonmoving party. See *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129.

{¶ 9} Nowhere in its appellate brief does D & G Auto argue against the entry of summary judgment on its claims for personal injury, loss of consortium, defamation, and payment on an account. To receive consideration on appeal, trial errors must be argued and supported by legal authority and citation to the record. See App.R. 16(A); see, also, *State v. Perez,* 1st Dist. Nos. C–040363, C–040364, and C–040365, 2005-Ohio-1326, 2005 WL 678947, at ¶ 21–23. Errors not argued in a brief will be regarded as having been abandoned. See App.R. 12(A)(1)(b); see, also, *Morton Internatl. v. Continental Ins. Co.* (1995), 104 Ohio App.3d 315, 662 N.E.2d 29, fn. 3, citing *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, and *Uncapher v. Baltimore & Ohio Rd. Co.* (1933), 127 Ohio St. 351, 356, 188 N.E. 553. Thus, we do not consider any issue not affecting the entry of summary judgment on the claim that Roto–Rooter's negligence caused the flooding problems at D & G Auto's shop.

### The Negligent–Installation Claim

{¶ 10} The substantive law governing D & G Auto's negligence claim identifies the factual disputes that are material and thus could preclude summary judgment. See *Gross v. Western–Southern Life Ins. Co.* (1993), 85 Ohio App.3d 662, 666–667, 621 N.E.2d 412, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202. "To prevail on a negligence claim for failure to perform in a workmanlike manner, a plaintiff must 'show by a preponderance of the evidence that [the defendant] failed to exercise ordinary care and skill, and such failure proximately caused the damages.'" *Floyd v.*

*United Home Improvement Ctr.* (1997), 119 Ohio App.3d 716, 719–720, 696 N.E.2d 254, quoting *M.L. Simmons, Inc. v. Bellman Plumbing, Inc.* (July 6, 1995), 8th Dist. No. 67832, 1995 WL 396349. Here, we cannot disturb the entry of summary judgment below unless D & G Auto can, by evidence properly manifested in the record, identify factual disputes that affect the essential elements of its validly advanced negligent-installation claim.

### Spoliation of Evidence

{¶ 11} D & G Auto argues that the trial court erred when it found that by conducting the excavation of the installation site without Roto–Rooter's expert being present, it committed spoliation of the evidence. D & G Auto also contests the trial court's selection of exclusion of the Jacobs affidavit as the sanction for spoliation. While D & G Auto is technically appealing from a summary-judgment ruling, a review of the spoliation issue "requires a determination of whether the trial court abused its discretion in determining an appropriate sanction." *Holliday v. Ford Motor Co.*, 8th Dist. No. 86069, 2006-Ohio-284, 2006 WL 178011, at ¶ 26, citing *Transamerica Ins. Group v. Maytag* (1994), 99 Ohio App.3d 203, 205, 650 N.E.2d 169.

{¶ 12} "Whether it is raised in the answer as an affirmative defense, in a motion for summary judgment, in a motion to dismiss, or in a Rule 37 motion for sanctions, the effect of the doctrine of spoliation, when applied in a defensive manner, is to allow a defendant to exculpate itself from liability because the plaintiff has barred it from obtaining evidence necessary to prove the existence or absence" of essential elements of the claim. Tucker, The Flexible Doctrine of Spoliation of Evidence: Cause of Action, Defense, Evidentiary Presumption, and Discovery Sanction (1995), 27 U.Tol.L.Rev. 67, 75–76. The imposition of sanctions for the spoliation of evidence "is essential as a matter of public policy to discourage plaintiffs from filing false claims or intentionally discarding evidence that they feel may hurt their case." Id. at 76.

{¶ 13} A trial court may exclude expert testimony as a sanction for spoliation of evidence if it determines that the evidence has been intentionally altered or destroyed by a party or its expert before the defense has had an opportunity to examine the evidence. See *Cincinnati Ins. Co. v. Gen. Motors Corp.* (Oct. 28, 1994), 6th Dist. No. 94OT017; see, also, *Holliday v. Ford Motor Co.*, 2006-Ohio-284, 2006 WL 178011, at ¶ 21, and *Nationwide Mut. Fire Ins. Co. v. Ford Motor Co.* (C.A.6, 1999), 174 F.3d 801, 804. It is unrebutted that D & G Auto ordered Jacobs to excavate without providing Roto–Rooter the opportunity to observe the excavation as it progressed. Because Roto–Rooter was denied the opportunity, afforded to D & G Auto's expert, to examine the crushed clay drain line as it was being exposed, D & G Auto may be said to have intentionally

altered or destroyed relevant evidence. See *Holliday v. Ford Motor Co.*, 2006-Ohio-284, 2006 WL 178011, at ¶ 21–22; see, also, *Travelers Ins. Co. v. Knight* (Dec. 21, 1992), 5th Dist. No. CA–8979, 1992 WL 398201.

{¶ 14} "If a threshold showing of spoliation is made, the burden then shifts to the proponent of the evidence to prove that the other side was not prejudiced by the alteration or destruction of the evidence. The test for prejudice is whether there is a reasonable possibility, based on concrete evidence, that access to the evidence which was destroyed or altered, and which was not otherwise obtainable, would produce evidence favorable to the objecting party." *Nationwide Mut. Fire Ins. Co. v. Ford Motor Co.*, 174 F.3d at 804, citing *Bright v. Ford Motor Co.* (1990), 63 Ohio App.3d 256, 578 N.E.2d 547. In applying this test, the trial court "must determine the degree of prejudice to the defendant and impose a sanction commensurate with that degree of prejudice." *Cincinnati Ins. Co. v. Gen. Motors Corp.*, supra.

{¶ 15} Roto–Rooter was prejudiced by the Jacobs excavation. After the excavation, in his stricken affidavit, Jacobs stated that the drain line had been broken on the bottom and the side. He concluded from the size and position of the holes that it had been struck by a tooth from Roto–Rooter's backhoe bucket when Roto–Rooter dug the initial hole to install the oil interceptor. Without observing the excavation, Roto–Rooter's expert was prevented from verifying the condition of the drain line as it was being revealed by the Jacobs excavation. It could not otherwise produce evidence to rebut the contention that its backhoe had caused the hole. The excavation also destroyed the opportunity to produce evidence of the line's condition or placement that would have been favorable to Roto–Rooter, such as any damage caused by Jacobs's work. Jacobs's own stricken affidavit indicated that he also had used some type of power-assisted digger to excavate to within two feet of the drain line before proceeding by hand. As no other means remained to verify the manner of the excavation, such as a clear videotaping of the dig, the trial court's conclusion that D & G Auto had committed spoliation of the evidence was supported by sound reasoning and cannot be disturbed on appeal. See *Holliday v. Ford Motor Co.*, 2006-Ohio-284, 2006 WL 178011, at ¶ 26; see, also, *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.

{¶ 16} We are not persuaded by D & G Auto's contention that the trial court should have imposed the least severe sanction possible, such as a sanction under Civ.R. 37 or an order in limine. The harsh sanction of outright dismissal of the action is a permissible response to intentional spoliation of evidence. See Tucker, 27 U.Tol.L.Rev. at 76. Nonetheless, "[o]ther remedies,

such as the exclusion of expert testimony based on evidence not available to the defendant, are usually more appropriate." See *Holliday v. Ford Motor Co.*, 2006-Ohio-284, 2006 WL 178011, at ¶ 22; see, also, *Hamilton Mut. Ins. Co. of Cincinnati v. Ford Motor Co.* (1997), 122 Ohio App.3d 611, 613, 702 N.E.2d 491; *Cincinnati Ins. Co. v. Gen. Motors Corp.*, supra. And public policy in Ohio states that "[w]henever possible, the trial court should impose the least severe sanction *which effectively removes the prejudice caused by the sanctioned party's wrong-doing.*" (Emphasis added.) *Transamerica Ins. Group v. Maytag*, 99 Ohio App.3d at 207, 650 N.E.2d 169.

{¶ 17} Here, Roto–Rooter's expert was deprived of the opportunity to opine about the excavation. We hold that the trial court did not abuse its discretion in excluding D & G Auto's expert witness's affidavit when its destruction of evidence deprived Roto–Rooter's defense of its only means of countering D & G Auto's allegations.

{¶ 18} D & G Auto next contends that even if the spoliation sanction was otherwise proper, because Roto–Rooter failed to seek discovery sanctions under Civ.R. 37 or to request an order for preservation of the evidence, the trial court was without authority to grant the motion to exclude Jacobs's evidence. But a protective order is not a prerequisite to asserting a spoliation-of-evidence de-fense. Even prior to the commencement of any litigation, a "plaintiff is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." See *Cincinnati Ins. Co. v. Gen. Motors Corp.*, supra, citing *Hirsch v. Gen. Motors Corp.* (1993), 266 N.J.Super. 222, 628 A.2d 1108, 1130. Here, D & G Auto admits that it ordered the excavation 11 months after commencing this lawsuit and well after receiving correspondence from Roto–Rooter's counsel requesting that its expert be present at any excavation.

### The Excavation Videotape

{¶ 19} D & G Auto argues, for the first time on appeal, that the trial court, in resolving the summary-judgment motion, improperly considered the videotape it made of the excavation. The trial court stated in its written decision that "[w]hile [D & G Auto] made a videotape of the [Jacobs] excavation, it is undisputed that the video is incomplete, does not show the full work, and is without audio in parts."

{¶ 20} First, it is doubtful that a videotape may be introduced and considered by the trial court in a summary-judgment proceeding. See *Held v. Rocky River* (1986), 34 Ohio App.3d 35, 40–41, 516 N.E.2d 1272. Civ.R. 56(C) governs the types of evidence that may be considered in summary-judgment proceedings and provides as follows: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.*" (Emphasis added.) Civ.R. 56(E) permits other types of material, such as diagrams or photographs, to be used to support or oppose a summary-judgment motion, but only if they are properly authenticated and are "referred to in" and "attached to" an affidavit, as a "paper" or an exhibit. Thus, the rule essentially restricts the trial court to consideration of written material only. The excavation videotape satisfied none of these criteria.

{¶ 21} But D & G Auto did not timely object either to Roto–Rooter's discussion of the videotape in the memorandum in support of summary judgment or to Roto–Rooter's argument about the contents of the videotape during the hearing before the trial court. D & G Auto's remark that the trial court's review of the videotape "is frankly disturbing" is disingenuous at best. D & G Auto did not mention the videotape in its memorandum in opposition and did not address the videotape issue at the motion hearing, even in the moments after listening to opposing counsel describe the videotape's contents. D & G Auto did not argue at any stage before appeal that the videotape was not properly before the trial court.

{¶ 22} The failure to object to evidence submitted in support of a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C). *Atlantic Mut. Ins. Co. v. Ayer Elec.* (Dec. 29, 1993), 1st Dist. Nos. C–920406, C–920788, and C–920790, 1993 WL 538997. A court may consider evidence other than that listed in Civ.R. 56 when there is no objection. See *State ex rel. Spencer v. E. Liverpool Planning Comm.* (1997), 80 Ohio St.3d 297, 301, 685 N.E.2d 1251; see, also, *Rodger v. McDonald's Restaurants of Ohio, Inc.* (1982), 8 Ohio App.3d 256, 8 OBR 347, 456 N.E.2d 1262, fn. 7.

{¶ 23} Moreover, the videotape that D & G Auto now argues was improperly considered is not included in the record certified for this court's review. The obligation to provide a record that demonstrates the error complained of remains with the appellant at all times in an appeal, even when an appellant seeks review of the entry of summary judgment. See App.R. 9; see, also, *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. D & G Auto has, therefore, waived any error arising from the trial court's consideration of the Jacobs excavation videotape.

### The Remaining Evidence Properly Before the Trial Court Raises Genuine Issues

{¶ 24} In resolving D & G Auto's assignment of error, we must now independently review the remaining evidence properly before the trial court to

determine if genuine issues of material fact remain. See Civ.R. 56(C). While ordinarily a plaintiff demonstrates a deviation from the standard of workmanlike care through an expert's opinion—like Jacobs's affidavit—a plaintiff is not always required to present expert testimony to prove a builder's deviation from common standards of workmanship or the failure to exercise ordinary care. See *Floyd,* 119 Ohio App.3d at 721, 696 N.E.2d 254; see, also, *Van Beusecum v. Continental Builders, Inc.,* 5th Dist. No. 04–CAE–01–008, 2004-Ohio-7261, 2004 WL 3090232, at ¶ 38 and 44.

{¶ 25} Here, D & G Auto asserts that Jim Larkin, Roto–Rooter's engineering service manager, admitted to David Loukinas that Roto–Rooter's action had damaged the drain line. In his October 2003 deposition testimony, given before the Jacobs excavation, Loukinas was asked why he believed that the main drain line was cracked. In response, he stated that Larkin had told him that "they [Roto–Rooter] crushed it." The statement was offered, without objection, to prove the truth of the matter asserted—that Roto–Rooter had damaged the main drain line.

{¶ 26} Ordinarily deposition testimony that constitutes hearsay cannot be considered in determining summary judgment. See *Logsdon v. Ohio N. Univ.* (1990), 68 Ohio App.3d 190, 194, 587 N.E.2d 942; see, also, Evid.R 801(C) and 802. Evid.R. 801(D)(2)(d), however, provides that a statement is not hearsay if it is made by a party's agent or servant concerning a matter within the scope of his or her agency or employment and during the existence of the relationship. According to his affidavit, attached to Roto–Rooter's motion for summary judgment, Larkin was employed by Roto–Rooter as an engineering service manager. The affidavit further recounts that Larkin had personal knowledge of the D & G Auto drain problem and was present when both camera inspections of the drain line were performed.

{¶ 27} Accordingly, we conclude that David Loukinas's deposition testimony was admissible for the purpose of demonstrating that Roto–Rooter had caused the damage to the drain line, and that it provided evidence that Roto–Rooter's conduct fell below the appropriate standard of workmanlike care—an essential element of D & G Auto's claim. With this testimony, coupled with Larkin's statement in his affidavit noting the proximity of the oil interceptor to the crushed drain line, D & G Auto has demonstrated the existence of genuine issues of material fact that precluded the granting of summary judgment on its negligent-installation claim.

## Conclusion

{¶ 28} Because genuine issues of material fact remain as to whether Roto–Rooter negligently crushed the drain line while installing the oil interceptor, we

hold that the trial court erred in granting Roto–Rooter's motion for summary judgment on this claim. In all other respects, the assignment of error is overruled.

{¶ 29} Therefore, we reverse the summary judgment entered by the trial court on the negligent-installation claim and remand this case for further proceedings on that claim. The balance of the trial court's judgment is affirmed.

Judgment accordingly.

HILDEBRANDT, P.J., and PAINTER, J., concur.