[Cite as *Garrison v. Nippert*, 2013-Ohio-1965.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STEPHANIE GARRISON, | : | APPEAL NO. C-120384 |
| | | TRIAL NO. A-1106166 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| ALFRED K. NIPPERT, JR., | : | |
| | | |
| NIPPERT AND NIPPERT, | : | |
| | | |
| and | : | |
| | | |
| ENVIROSURE TECHNOLOGIES | : | |
| CORPORATION, | | |
| | | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 15, 2013

*Croskery Law Offices* and *Robert F. Croskery*, for Plaintiff-Appellant,

*Janszen Law Firm Co. L.P.A., Freund Freeze & Arnold L.P.A., August T. Janszen* and *Thomas B. Bruns,* for Defendants-Appellees.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}  Plaintiff-appellant Stephanie Garrison appeals the judgment of the Hamilton County Court of Common Pleas dismissing a number of claims, including a claim of sexual harassment under R.C. 4112.02

### Garrison's Employment History with Nippert

{¶2}  According to Garrison's complaint, she was an employee of three distinct entities:  attorney Alfred K. Nippert, Jr.; the law firm of Nippert and Nippert; and Envirosure Technologies Corporation.  Garrison alleged in her complaint that immediately after beginning her employment, she "did not feel comfortable" in Nippert's presence.  According to Garrison, Nippert made inappropriate comments, stating that Garrison was "stupid" and that he would "have to find other ways for [her] to earn [her] paycheck" while leering at her.  She further alleged that Nippert would repeatedly go to her desk for the purpose of making sexual comments, would use offensive words to make her feel humiliated, and would call the office to make sexual comments.  Garrison alleged that, during these calls, Nippert would refer to her in such terms as the "hot, lovely, exotic Nippert girl" or "Stephanie, the exotic dancer."

{¶3}  According to the complaint, Nippert also repeatedly made comments about one of Garrison's co-workers and asked Garrison if she had seen other female employees' breasts.  Garrison allegedly reached what she characterized as her "breaking point" when Nippert rubbed her arms and shoulders while "making grunting and panting noises and breathing heavily" and asking if she wanted some candy.  After Garrison had attempted to get away from Nippert, he allegedly went to Garrison's co-worker, put his arms around her, and rubbed his face between her breasts.  Soon after this incident, Garrison gave two weeks' notice and left Nippert's employ.

{¶4}   Despite Garrison having reached her "breaking point," she returned to Nippert's office in December 2008.  According to the complaint, Garrison's co-worker had "begged" her to work during the holiday season, and Garrison had assented because she was "desperate for money."

{¶5}   But Garrison alleged that she "again reached her breaking point when Nippert came to the office the second week that she was back."  On this occasion, Nippert asked Garrison to come outside the office to get a letter.  Garrison alleged that when she went outside, Nippert "leered" at her, "demanded that she twirl around for him, and otherwise made suggestive and improper commentary." According to Garrison, Nippert had then called her at her home on two occasions after that day, as he had done in the past.  The calls came between 11:00 p.m. and 1:00 a.m., with Nippert leaving "a message of heavy breathing."   Garrison's complaint included causes of action for sexual harassment, assault, intentional infliction of emotional distress, and negligence.  The appellees filed a motion to dismiss under Civ.R. 12(B)(6), and the trial court granted the motion with respect to all of the claims.

{¶6}   In a single assignment of error, Garrison contends that the trial court erred in granting the motion to dismiss the sexual-harassment claim.

### Civ.R. 12(B)(6) and R.C. 4112.02

{¶7}   A complaint may be dismissed under Civ.R. 12(B)(6) only when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts that would entitle her to relief.  *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.  A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).  An order granting a Civ.R. 12(B)(6) motion is subject to de novo review.

*Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶8} R.C. 4112.02(A) makes it an unlawful discriminatory practice for an employer, because of the sex of an employee, to discriminate against the employee "with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." *Kilgore v. Ethicon Endo-Surgery, Inc.,* 172 Ohio App.3d 387, 2007-Ohio-2952, 875 N.E.2d 113, ¶ 23 (1st Dist.).

{¶9} To establish a claim of a hostile work environment based on sex, the plaintiff is required to show the following:

> (1) that the harassment was unwelcome; (2) that the harassment was based on sex; (3) that the harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment; and (4) that the employer, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action.

*Id.* at ¶ 24. Under the third element, the misconduct must be sufficiently egregious as to unreasonably interfere with the plaintiff's work performance. *Id.* at ¶ 26; *Brandner v. Innovex, Inc.,* 1st Dist. No. C-110401, 2012-Ohio-462, ¶ 16, citing *Kilgore* at ¶ 25-26. The plaintiff is thus ultimately required to demonstrate that the allegedly hostile behavior had a detrimental effect on "the quality and quantity of the work she performed." *Kilgore* at ¶ 30.

### No Unreasonable Interference with Work Performance

{¶10} In the case at bar, we find no error in the trial court's dismissal of the sexual-harassment claim. Although Garrison alleges many instances of egregious conduct by Nippert, Garrison's decision to return to Nippert's employ after she had

allegedly reached her "breaking point" negated any possible inference that the asserted misconduct had been sufficiently severe as to affect the terms, conditions, or privileges of her employment. Although Garrison attempts to cast her decision to return in terms of duress due to her financial struggles, the only reasonable inference to be made from the complaint is that she had returned voluntarily, with full knowledge of the workplace conditions.

{¶11} And while Garrison alleges that she had reached her "breaking point" a second time after her return to her job, we again find no factual basis for a finding that Nippert's conduct had unreasonably interfered with the performance of her duties. If anything, the misconduct alleged in Garrison's second tenure with Nippert was less problematic than the conduct that allegedly led to her first departure. Under these circumstances, Garrison's departure from Nippert's employ must be deemed voluntary, and she could not prove that the defendants had subjected her to any adverse employment action. Accordingly, the trial court's dismissal of the sexual-harassment claim was proper.

{¶12} Finally, we note that Garrison has not assigned error with respect to the remaining claims in the complaint, and we therefore deem any error as to those claims abandoned. *See* App.R. 16(A); *Loukinas v. Roto-Rooter Serv. Co.,* 167 Ohio App.3d 559, 2006-Ohio-3172, 855 N.E.2d 1272, ¶ 9.

### Conclusion

{¶13} Consequently, we overrule the assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

CUNNINGHAM, P.J., FISCHER and GORMAN, JJ.

ROBERT H. GORMAN, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

5