[Cite as *Lohmann v. Cincinnati*, 2018-Ohio-2505.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DANIEL LOHMANN, | : | APPEAL NO. C-170242 |
| | | TRIAL NO. A-1602796 |
| TAMIEKA GRAY, | : | |
| and | : | |
| | | *O P I N I O N.* |
| MARQUITTA HUNTLEY-PHOENIX, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| CITY OF CINCINNNATI, | : | |
| and | : | |
| CIVIL SERVICE COMMISSION OF | : | |
| THE CITY OF CINCINNATI, | | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 27, 2018

*Minnillo and Jenkins Co., L.P.A.*, *Christian A. Jenkins* and *Robb Stokar*, for Plaintiffs-Appellants,

*Paula Boggs Muething*, City Solicitor, and *William Hicks*, Senior City Solicitor, for Defendants-Appellees.

**DETERS, Judge.**

{¶1}    Plaintiffs-appellants Daniel Lohmann, Tamieka Gray, and Marquitta Huntley-Phoenix are city-of-Cincinnati employees who applied to take a promotional examination for the administrative-specialist position.  The city denied them the ability to sit for the promotional exam because their applications lacked a transcript showing they met the educational requirements for the position.  Lohmann, Gray, and Huntley-Phoenix appealed the city's decision to the Civil Service Commission of the City of Cincinnati.  The civil service commission denied them the ability to sit for the promotional exam.

{¶2}    Lohmann, Gray, and Huntley-Phoenix then appealed to the common pleas court pursuant to R.C. 2506.04.  They sought to supplement the record of the administrative proceedings with additional records they had obtained from the city through a public records request.  The common pleas court denied their request to supplement the record and affirmed the decision of the civil service commission.

{¶3}    In this appeal, they argue the trial court erred in denying their motion to supplement the record by failing to take judicial notice of public records, by declining to strike, pursuant to Loc.R. 14(B) of the Hamilton County Court of Common Pleas, the city's memorandum opposing their motion to supplement the record as untimely, and by affirming the decision of the civil service commission when it was unsupported by a preponderance of the evidence as a matter of law.

{¶4}    Because the trial court's judgment affirming the civil service commission's decision to deny them the opportunity to sit for the promotional exam is not supported by a preponderance of evidence as a matter of law, we reverse the judgment of the trial court, and remand this matter for further proceedings.

### *Factual and Procedural Posture*

{¶5} In the fall of 2015, the city of Cincinnati posted the administrative-specialist position as a promotional opportunity. The position required employees to satisfy one of the following qualification options:

Have one year of experience as an Administrative Technician, Supervising Storekeeper, Secretary, Accounting Technician 3 or Senior Customer Relations Representative, with the City of Cincinnati and have successfully completed 60 quarter credit hours in any combination of the following course areas: English composition, business law, economics, finance, human resources, psychology, sociology, business administration, public administration, information processing, accounting, or a related field; or

Have three years of experience as an Administrative Technician, Supervising Administrative Technician, Supervising Storekeeper, Secretary, Accounting Technician 3 or Senior Customer Relations Representative, with the City of Cincinnati and have successfully completed 45 quarter credit hours in the above named courses; or

Have five years of experience as an Administrative Technician, Supervising Administrative Technician, Supervising Storekeeper, Secretary, Accounting Technician 3 or Senior Customer Relations Representative, with the City of Cincinnati and have successfully completed 30 quarter credit hours in the above named courses; or

Have two years experience with the City of Cincinnati in an equivalent position and have successfully completed an Associate or Bachelor's degree from an accredited college or university.

{¶6} The initial job posting for the administrative-specialist position required that transcripts be attached.

{¶7} For multiple reasons, the fall 2015 exam was postponed and reposted March 11-22, 2016. When the position was reposted, all applicants, including Lohmann, Gray, and Huntley-Phoenix, received email notification of the reposting. Applicants were informed that they were not required to reapply and that they could use their prior submission. All applicants were advised:

This email is to inform you that the ADMINISTRATIVE SPECIALIST (PROMOTIONAL) exam process is moving forward. We will open the posting later this week in order to allow additional candidates to apply due to the length of time since the original posting. You are receiving this email because you have already applied. You are not required to submit another application. If you decide to submit a new application, we will use your most recent application.

Please note, if you sent transcripts by mail to the HR department, you are encouraged to pick them up at the office at Centennial 2, scan, and attach to a new application. If you emailed transcripts, this is also an opportunity to submit a new application with the transcripts attached.

* * * Minimum qualifications require credit hours. Transcripts must be attached or the application will be rejected.

{¶8} The city sent Lohmann, Gray, and Huntley-Phoenix an email on March 8, 2016, which provided:

The posting for the Admin Tech, Admin Spec, and Senior Admin Spec. exams are open to current City employees through the City website until March 21, 2016 at 5 p.m.

4

Applicants who previously applied in Aug-Sept. 2015 are not required to submit applications again. We will use the most recent applications for all who apply. Transcripts are required for all Admin Spec and Senior Admin Spec applicants and must be attached to the applications when they are submitted.

{¶9}   On March 11, 2016, Lohmann, Gray, and Huntley-Phoenix received another email from the city notifying them that the posting for the administrative-specialist position was open to current city employees through the city website until March 21, 2016, at 5 p.m.   The email stated:

Applicants who previously applied in Aug-Sept 2015 are not required to submit applications again. We will use the most recent applications for all who apply. Transcripts are required for all Admin Spec and Senior Admin Spec applicants and must be attached to the applications when they are submitted.

The email additionally provided the examination dates for the positions.

{¶10}  On March 23, 2016, Lohmann and Gray received an email informing them that their applications had been rejected because they had failed to attach an educational transcript to their applications as required by the posting.  On March 30, 2016, Huntley-Phoenix received an email rejecting her application that was identical to the email that Lohmann and Gray had received.

{¶11} Lohmann appealed the decision to the civil service commission. Lohmann maintained that he had sat for the administrative-specialist exam in 2014, and his application and transcripts had been approved by the human resources department; he had then applied for the administrative-specialist position on September 9, 2015, with his application and transcripts provided.   Lohmann had

5

received an email on March 8, 2016, informing him that the application process was moving forward and that he was receiving the email because he had already applied. He received another email on March 11, 2016, reiterating that applicants who had applied did not need to apply again. On March 23, 2016, he received an email informing him that his application had been rejected as incomplete because it lacked his educational transcripts. Lohmann questioned whether anyone in the human resources department had reviewed his application until after the closing date.

{¶12} Huntley-Phoenix also appealed to the civil service commission. She asserted that she had been approved to take the administrative-specialist examination in June 2014, following her appeal to the civil service commission. She attached a copy of her transcript and resume related to the June 2014 appeal. She further asserted that she had been on medical leave from February 16, 2016, to April 3, 2016, and that upon her return to work on April 4, 2016, she had been informed that her application was incomplete because she had not provided her educational transcript.

{¶13} Tamieka Gray appealed to the civil service commission. She had supplied a copy of her transcript from Devry University that had been issued on September 9, 2015, and email correspondence from her supervisor, who had stated that Gray was a 20-year employee with a master's degree in information technology; she had uploaded her application, driver's license, and transcripts; and she had received confirmation that the documents had been submitted. She believed that her uploaded transcript must have been lost because of a system error.

### Supplementation of the Administrative Record

{¶14} For ease of discussion, we address the employees' assignments of error out of order. In their second assignment of error, the employees assert that the trial

court erred in denying their motion to supplement the record of the administrative proceedings by failing to take judicial notice of various documents they had requested from the city of Cincinnati via a public records request that showed they had been treated differently than other applicants.

{¶15} In their motion to supplement the administrative record, the employees argued that the trial court should consider these additional documents pursuant to R.C. 2606.03(A)(3) and (4) because the testimony before the civil service commission was not given under oath and they lacked the power to subpoena these documents before the civil service commission hearing. They also asked the trial court to take judicial notice of the public records.

{¶16} The trial court denied the employees' motion to supplement the administrative record on the basis that the employees had failed to object to the lack of sworn testimony at the hearing, that they had never requested the civil service commission to issue subpoenas or sought themselves to subpoena witnesses or documents for the hearing, and that R.C. 2506.03 contained no exception for public records.

{¶17} The employees do not challenge on appeal the trial court's determination that neither R.C. 2506.03(A)(3) nor (4) applied to permit consideration of the additional records they had obtained through the public records request. As a result, they have forfeited any arguments related to these statutory exceptions on appeal. *See State v. Sanders*, 1st Dist. Hamilton Nos. C-140579 and C-140580, 2015-Ohio-5232, ¶ 41, citing App.R. 12(A)(1)(b) and *Loukinas v. Roto-Rooter Servs. Co.*, 167 Ohio App.3d 559, 2006-Ohio-3172, 855 N.E.2d 1272, ¶ 9 (1st Dist.).

{¶18} Instead, the employees argue only that the trial court failed to take judicial notice of these documents. In *Phillips Supply Co. v. Cincinnati Zoning Bd. of Appeals*, 2014-Ohio-3203, 17 N.E.3d 1, ¶ 30-34 (1st Dist.), however, this court held that a party cannot circumvent the statutory requirements for taking additional evidence pursuant to R.C. 2506.03 by asking the trial court to take judicial notice of public documents. Given this court's decision in *Phillips*, we cannot conclude the trial court erred by denying their motion to supplement the administrative record on this basis. As a result, we overrule their second assignment of error.

### *Motion to Strike*

{¶19} In their third assignment of error, the employees argue the trial court erred by declining to strike the city's memorandum opposing their motion to supplement the record because it was not filed within ten days of their motion as required by Loc.R. 14(B) of the Hamilton County Court of Common Pleas.

{¶20} "A trial court decision granting or denying a motion to strike is reviewed for an abuse of discretion." *Fernwalt v. Our Lady of Kilgore*, 2017-Ohio-1260, 88 N.E.3d 499, ¶ 22 (7th Dist.). Loc.R. 14(B) of the Hamilton County Court of Common Pleas provides:

> Any memorandum contra to [a] motion shall be served upon movant's trial attorney within ten days from the date the memorandum in support of the motion and proof of service thereof, was served. Failure to serve and file a memorandum contra may be cause for the Court to grant the motion as served and filed. A reply memorandum may be served and filed within seven days of the service of the memorandum contra. The time periods set forth in Paragraph B may be extended by the Court, for good cause shown, upon application therefor * * *.

8

{¶21} After reviewing the record, we cannot conclude the trial court abused its discretion by overruling the motion to strike. The employees argue that the late filing of the memorandum contra prejudiced them because it shortened the time in which they were able to respond to the city's arguments. But the memorandum merely addressed the issues raised by the employees, and the employees' arguments were not novel, as there was ample case law discussing supplementation of the administrative transcript by way of R.C. 2506.03(A)(3) and (4) and judicial notice. Even if the trial court erred, any error would be harmless as the employees can demonstrate no prejudice. They had ample time to respond to the memorandum contra. They filed a reply memorandum and presented oral argument to the trial court prior to its decision on the motion. *See* Civ.R. 61; *see, e.g., Citicorp Sav. of Illinois v. Brumagin*, 1st Dist. Hamilton No. C-850368, 1986 WL 4517, *2 (Apr. 16, 1986). We, therefore, overrule the third assignment of error.

### *Trial Court's Decision Was Not Supported by Preponderance of Evidence As a Matter of Law*

{¶22} In their first assignment of error, the employees argue that the trial court erred by affirming the civil service commission's decision when it was not supported by a preponderance of the evidence as a matter of law.

{¶23} In *Weitzel v. Cincinnati*, 1st Dist. Hamilton No. C-150415, 2016-Ohio-1322, ¶ 10 and 11, this court set forth the applicable standard of review in an administrative appeal filed pursuant to R.C. 2506.04 and acknowledged that the common pleas court and appellate court apply different standards of review.

The common pleas court may determine whether the administrative decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative

9

evidence on the whole record." R.C. 2506.04. The common pleas court may make factual and legal determinations and provide for the introduction of new or additional evidence, although the standard of review is not de novo. *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 23, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). This court's authority is limited to reviewing the common pleas court's decision on "questions of law" only, and does not encompass the same power to weigh the evidence. *Id.* at ¶ 25, citing *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000).

> Ultimately, the standard of review that we apply in this administrative appeal "is designed to strongly favor affirmance. It permits reversal only when the court of common pleas errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Id.* at ¶ 30.

{¶24} In overruling the employees' appeal, the trial court reasoned:

The plaintiffs applied for a job with the City of Cincinnati. The job posting noted that applicants who had previously applied in August and September of 2015 did not have to submit the application again. The posting then went on to require transcripts to be attached to the application when submitted. At this point, even though the plaintiffs did not have to submit another application, they were on notice that transcripts were required. The language could not have been more clear. The plaintiffs either did not pay attention to the fact that

transcripts were now required or ignored it. Either way, the plaintiffs did not follow the clear requirements of the posting.

The appeal is overruled. The decision of the Civil Service Commission is not unconstitutional, illegal, arbitrary, capricious or unreasonable. It is supported by the preponderance of substantial, reliable, and probative evidence. I have weighed the evidence in the record and find the decision of the Civil Service Commission to be correct beyond any doubt.

{¶25}  The employees argue the trial court's decision is unreasonable because it is unsupported by a preponderance of the evidence as a matter of law. The employees argue that the trial court's decision ignores the evidence in the administrative record and the plain language of the city's March 8, and March 11, 2016 emails, which provided that if the employees wanted to rely on their prior application, which included transcripts, they needed to do nothing further to apply for the promotional examination. Based on our review of the record, we agree with the employees.

{¶26}  The record reflects that all three employees' applications were initially accepted for the 2015 exam. There is no evidence in the record that the 2015 applications were deficient. They had submitted transcripts. Thus, there was nothing more for them to do. Therefore, the record does not support the trial court's conclusion that the employees' applications were subject to disqualification for failing to resubmit their transcripts.

{¶27}  We hold that the trial court's judgment affirming the civil service commission's decision to deny them the opportunity to sit for the exam is not supported by a preponderance of the evidence as a matter of law. As a result, we

sustain the first assignment of error. We reverse the judgment of the trial court, and remand this matter to the trial court to enter an order reversing the judgment of the civil service commission, and for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **MILLER, J.,** concur.

Please note:

The court has recorded its own entry this date.