**Jerry G. BOONE, Plaintiff–Appellant,**

v.

**Commonwealth of KENTUCKY; Steve Schwager, in his official capacity, prosecutor for room # 203; Irvin Maze, in his official capacity, prosecutor for room # 203; Steven Johnson, in his official capacity, prosecutor for room # 203, Defendants–Appellees.**

No. 02–5964.

United States Court of Appeals, Sixth Circuit.

July 29, 2003.

Before KENNEDY, GILMAN, and GIBBONS, Circuit Judges.

*ORDER*

Jerry G. Boone, a pro se Kentucky resident, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. He also raised multiple state tort claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Boone sued the Commonwealth of Kentucky and three county prosecutors in their official capacities. The action stemmed from the county prosecutor's decision not to prosecute Erica Cook for forgery. Boone states that the state failed

to represent his interest at the criminal proceedings against Ms. Cook. The district court dismissed the complaint as frivolous.

In his timely appeal, Boone contends that he was deprived of procedural fairness by the Commonwealth of Kentucky, that he was subjected to discrimination, and that the defendants' immunity should be deemed waived since they denied him his constitutional rights. Boone also discusses his state tort claims.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

■ The district court properly dismissed the complaint as frivolous because it lacked an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Boone's request for monetary relief against the Commonwealth of Kentucky is barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment. *See Will*, 491 U.S. at 71; *Pusey v. City of Youngstown*, 11 F.3d 652, 657–58 (6th Cir.1993) (holding that a municipal prosecutor acts as an arm of the state in prosecuting or declining to prosecute state criminal offenses).

■ Further, the prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This immunity extends to a prosecutor's decision on whether to prosecute a case. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir.1997).

Absolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously. The decision on whether or not to prosecute is unquestionably advocacy and is at the heart of the *Imbler* holding. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Therefore, the prosecutors were entitled to absolute immunity.

Finally, Boone argues the merits of his state tort claims. However, since Boone did not state a federal claim, the district court did not err in refusing jurisdiction over his supplemental state law claims. *See Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir.1997).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.