[Cite as *State v. Tuleta*, 2011-Ohio-1923.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   94992

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY TULETA

DEFENDANT-APPELLANT

---

### JUDGMENT:
### DISMISSED IN PART;
### CONVICTIONS VACATED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos.   CR-520896 and CR-517465

**BEFORE:**   Keough, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** April 21, 2011

**ATTORNEY FOR APPELLANT**

Edward A. Heffernan
1660 West Second Street
Suite 410
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Mary McGrath
     James Gutierrez
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Anthony Tuleta ("Tuleta"), appeals his convictions of drug possession and aggravated theft. Finding merit to the appeal, we dismiss in part[1] and vacate Tuleta's convictions.

---

[1]Tuleta's notice of appeal indicates that in addition to Case No. CR-520896, he is also appealing Case No. CR-517465. However, that case was dismissed without prejudice by the State on May 15, 2009 and reindicted as Case No. CR-520896. Accordingly, we dismiss the appeal as it pertains to Case No. CR-517465.

{¶ 2} In 2009, Tuleta was indicted on numerous counts of drug possession and one count of aggravated theft. The indictment and bill of particulars indicated that the dates of the alleged offenses occurred between the years of 2003 and 2007. The trial court denied Tuleta's motion to dismiss the indictment and the matter proceeded to a jury trial where Tuleta was found guilty of all charges. The trial court sentenced Tuleta to one year in prison and five years community control sanctions; the sentence was stayed pending appeal. Tuleta, raises nine assignments of error on appeal. We find the first assignment of error dispositive.

{¶ 3} R.C. 2925.11(A), regarding drug possession, prohibits a person from knowingly obtaining, possessing, or using a controlled substance. Subsection (B) provides four exceptions to this prohibition. At issue here is the exception listed in (B)(4). The version of R.C. 2925.11(B)(4) in effect at the time of alleged offenses provided that R.C. 2925.11(A) does not apply to "[a]ny person who obtained the controlled substance pursuant to a prescription issued by a licensed health professional authorized to prescribe drugs."[2]

{¶ 4} In his first assignment of error, Tuleta argues that the trial court erred in denying his pre-trial motions to dismiss and his Crim.R. 29(A)

---

[2]In 2008, the General Assembly amended this "prescription drug" exception to exclude only those prescriptions that were "lawful." See Sub.H.B. 195. Reviewing the language of H.B. 195,

motion for judgment of acquittal because a licensed physician prescribed the controlled substances he allegedly possessed, and therefore the exception set forth in R.C. 2925.11(B)(4) applies. We agree.

{¶ 5} This court addressed this precise issue in *State v. Casshie*, Cuyahoga App. No. 81341, 2002-Ohio-6514. In *Casshie*, this court upheld the trial court's decision dismissing an indictment against the defendant when the drugs in possession were prescribed by a physician. This court, in examining R.C. 2925.11, held, "[i]n giving R.C. 2925.11 both a plain and an ordinary reading, it is clear that under the current statute it is impossible to convict, let alone prosecute, the defendant under the statute." Id. at ¶15. "It is uncontroverted that the defendant 'knowingly possessed, or used a controlled substance' but, as stated, the statute's exception under (B)(4) clearly precludes prosecution since the prescriptions were issued by licensed health professionals authorized to prescribe drugs." Id. at _17.

{¶ 6} We find no distinction between the case before us and *Casshie*. The facts and evidence adduced prior to and at trial revealed that Tuleta was prescribed the controlled substances by a licensed health professional authorized to prescribe drugs between January 2003 and April 2007. Therefore, at all times Tuleta was alleged to have been in possession of controlled substances, R.C. 2925.11, in effect at the time of the alleged

no retroactivity clause exists, therefore, former R.C. 2925.11(B)(4) applies.

offenses, provided a clear and unequivocal exception prohibiting a person from being prosecuted for possessing a controlled substance prescribed by a physician. Accordingly, because Tuleta obtained the controlled substances pursuant to a prescription issued by a licensed health professional, criminal charges for drug possession could not be pursued against him.

{¶ 7} Finding that Tuleta could not have been prosecuted for drug possession, the aggravated theft charge also cannot be maintained because Tuleta possessed the prescription drugs lawfully. Our decision today does not affect Medical Mutual's right to pursue a civil claim against Tuleta, which he concedes.

{¶ 8} Accordingly, Tuleta's first assignment of error is sustained. Finding this assignment of error dispositive, all other assignments of error are rendered moot.

{¶ 9} Appeal dismissed in part; convictions vacated. The trial court is instructed to execute a judgment entry vacating Tuleta's convictions.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR