[Cite as *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-930.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100032**

## ANTHONY TULETA, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## MEDICAL MUTUAL OF OHIO, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-793800

**BEFORE:**   Blackmon, J., Boyle, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 13, 2014

**ATTORNEYS FOR APPELLANTS**

Henry W. Chamberlain
Chamberlain Law Firm Co., L.P.A.
36368 Detroit Road, Suite A
Avon, Ohio 44011

David A. Hamamey, II
Hamamey Law Firm, L.L.C.
P.O. Box 30543
Middleburg Heights, Ohio 44130

John J. Sheehan, Jr.
Sheehan Law
503 East 200th Street
Euclid, Ohio 44119


**ATTORNEYS FOR APPELLEES**

**For city of Cleveland and Michael McGrath**

Barbara A. Langhenry
Director of Law

William M. Menzalora
Chief Assistant
Department of Law
Cleveland City Hall

Alejandro V. Cortes
Assistant Director of Law
City of Cleveland - Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114



**For Cuyahoga County, Ohio, Cuyahoga County Prosecutor's Office, William D. Mason, James Gutierrez, and Mary McGrath**

Timothy J. McGinty

Cuyahoga County Prosecutor

Brian R. Gutkoski
John F. Manley
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**For Medical Mutual of Ohio**

Lindsey A. Carr
Christopher G. Keim
Frantz Ward L.L.P.
2500 Key Center
127 Public Square
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

{¶1} In this companion appeal, appellants Anthony Tuleta, et al. ("Tuleta"), appeal the trial court's dismissal of his complaint and assigns the following errors for our review:

I. The trial court erred in determining defendants James Gutierrez, Mary H. McGrath and William D. Mason had absolute immunity on appellants' claims.

II. The trial court erred in determining defendants James Gutierrez, Mary H. McGrath and William D. Mason, were statutorily immune to all of appellants' claims.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} In 2009, the Cuyahoga County Grand Jury indicted Tuleta on numerous counts of drug possession and one count of aggravated theft. The indictment and bill of particulars provided that the dates of the alleged offenses occurred between the years of 2003 and 2007.

{¶4} The trial court denied Tuleta's motion to dismiss the indictment and the matter proceeded to a jury trial. Tuleta was found guilty of all charges. The trial court sentenced Tuleta to one year in prison and five years community control sanctions, but stayed the sentence pending his direct appeal.

{¶5} In his direct appeal, Tuleta argued, among other things, that the trial court erred in denying his pretrial motions to dismiss and his Crim.R. 29(A) motion for judgment of acquittal because a licensed physician prescribed the controlled substances

he allegedly possessed, and therefore the exception set forth in R.C. 2925.11(B)(4) applied.

{¶6} In *State v. Tuleta*, 8th Dist. Cuyahoga No. 94992, 2011-Ohio-1923, we vacated Tuleta's convictions because we found that the facts and evidence adduced prior to and at trial revealed that Tuleta was prescribed the controlled substances by a licensed health professional authorized to prescribe drugs between January 2003 and April 2007. As such, the exception set forth in R.C. 2925.11(B)(4) applied; consequently, no criminal charge for drug possession existed against Tuleta.

{¶7} On October 18, 2012, Tuleta filed a complaint against Cuyahoga County, Ohio, the Cuyahoga County Prosecutor's Office (the Prosecutor's Office"), the former Cuyahoga County Prosecutor William D. Mason ("Mason"), Assistant Cuyahoga County Prosecutors James Gutierrez ("Gutierrez"), Mary H. McGrath ("McGrath"), the city of Cleveland ("the City"), and the Chief of Police, Michael McGrath ("the Police Chief"). Also named in the complaint was Medical Mutual of Ohio and its investigator, Bruce Sieniawski ("Sieniawski").

{¶8} Tuleta alleged several causes of action including malicious prosecution, abuse of process, and breach of confidentiality, and/or inducing breach of confidentiality. Tuleta also alleged causes of action for intentional infliction of emotional distress, negligent infliction of emotional distress, and loss of consortium. On December 28, 2012, claiming absolute and statutory immunity, Cuyahoga County, the Cuyahoga County Prosecutor's Office, Mason, Gutierrez, and McGrath filed their motion to dismiss. On

December 31, 2012, also claiming absolute and statutory immunity, the City and the Police Chief filed their motion to dismiss.

{¶9} On May 29, 2013, the trial court granted the motions of Cuyahoga County, the Prosecutor's Office, Mason, Gutierrez, and McGrath on the grounds that they were all entitled to absolute immunity. The trial court also granted the City's motion on the grounds that they were entitled to statutory immunity.

{¶10} The trial court denied the Police Chief's motion on the grounds that even though a political subdivision is immune from liability, that municipality's employee could still be individually liable for an intentional tort when malice or wanton or reckless behavior is alleged. The trial court reasoned that the Police Chief could be liable for at least one count.

{¶11} In *Tuleta v. Med. Mut. of Ohio*, 8th Dist. Cuyahoga No. 100050, 2014-Ohio-396, we reversed the trial court's decision denying the Police Chief's motion to dismiss. We concluded Tuleta did not allege sufficient facts to state a claim of malicious prosecution, to bypass immunity, under R.C. 2744.03(A)(6), or to rebut the presumption that the indictment against him was issued with probable cause.

## Motion to Dismiss

{¶12} In the first assigned error, Tuleta argues the trial court erred in ruling that Gutierrez, McGrath, and Mason were clothed with absolute immunity on all of his claims.

**{¶13}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Tate v. Garfield Hts.*, 8th Dist. Cuyahoga No. 99099, 2013-Ohio-2204, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. A motion to dismiss for failure to state a claim on which relief can be granted is procedural and tests the sufficiency of the complaint. *Cleveland v. JP Morgan Chase Bank, N.A.,* 8th Dist. Cuyahoga No. 98656, 2013-Ohio-1035, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 1992-Ohio-73, 605 N.E.2d 378.

**{¶14}** It is well settled that when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. *FCR Project, L.L.C. v. Canepa Media Solutions, Inc.,* 8th Dist. Cuyahoga No. 97845, 2013-Ohio-259, citing *Byrd v. Faber,* 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991).

**{¶15}** But "unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *U.S. Bank Natl. Assn. v. Perry*, 8th Dist. Cuyahoga No. 99608, 2013-Ohio-3814, citing *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989). For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. *Id.*, citing *O'Brien v. Univ. Comm. Tenants Union, Inc.,* 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

**{¶16}** Preliminarily, we note that although the trial court dismissed the complaint against appellees Cuyahoga County, the Prosecutor's Office, and the City, Tuleta did not

assign any errors relative to these parties. As such, we conclude Tuleta has abandoned any arguments relative to the aforementioned appellees. *See Wells Fargo Bank, N.A. v. Jarvis*, 7th Dist. Columbiana No. 08 CO 30, 2009-Ohio-3055; *Loukinas v. Roto-Rooter Servs. Co.*, 167 Ohio App.3d 559, 2006-Ohio-3172, 855 N.E.2d 1272 (1st Dist.); *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 240-241, 2000-Ohio-2593, 743 N.E.2d 484 (7th Dist.).

## Absolute Immunity

{¶17} The absolute immunity defense has been recognized for only a few executive officials "whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In such cases, there are other checks to prevent abuses of authority or provide redress. *Mitchell v. Forsyth*, 472 U.S. 511, 522, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

{¶18} Absolute immunity has also been recognized as a defense for judges and other participants in the judicial process who have taken action necessary to the judicial process, even if the actions are done maliciously or in excess of the person's judicial authority, because the nature of the function involves controversy and the judicial officer must be able to act without having to consider the negative reaction of an opposing party. *Id.* at 522-525, and *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

{¶19} The absolute immunity afforded to judges has also been extended to administrative judicial officers. *Butz v. Economou*, 438 U.S. 478, 512-515, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Courts have extended absolute immunity to prosecutors, as quasi-judicial officers, for claims arising out of their initiation of a prosecution and advocating the state's case. *Imbler* at 431 and *Van de Kamp v. Goldstein*, 555 U.S. 335, 342, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009). Absolute immunity does not extend, however, to a prosecutor engaged in essentially investigative or administrative functions.

{¶20} Consequently, we look at the prosecutor's function and not his or her identity. *See Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). The *Imbler-Forrester* test made it clear that when the prosecutor is acting as an advocate, he is immune from any liability. For example, presenting evidence to a grand jury is advocacy.

{¶21} Prosecutors are entitled to absolute immunity from liability for damages for the prosecutor's appearance as a lawyer for the state in probable cause hearings in which he examines witnesses and successfully supports applications for search warrants. *See Burns v. Reed,* 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). In addition, where relevant laws arguably provides a basis for a prosecutor's claims against an accused, regardless of the prosecutor's motives, absolute prosecutorial immunity shields the attorneys from liability for damages. *See Shmueli v. New York*, 424 F.3d 231 (2d Cir. N.Y. 2005).

{¶22} While, in *Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), where a petitioner sought damages after prosecutors allegedly fabricated evidence and made false statements at a press conference, the Supreme Court held that the prosecutors were only entitled to qualified immunity. The Court found that the alleged fabrication of evidence occurred before a special grand jury was empaneled and petitioner was arrested. The Court also found that one prosecutor was not acting in his role as an advocate for the state when he allegedly made false statements to the media during a press conference. Thus, the Court held that the prosecutor was not entitled to absolute immunity.

{¶23} Further, in *Kalina v. Fletcher* 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997), the United States Supreme Court held that (1) a prosecutor's conduct in making allegedly false statements of fact in a certification for determination of probable cause is not protected by the doctrine of absolute prosecutorial immunity, as the prosecutor, in making such a certification, performs a function of a complaining witness rather than an advocate; and (2) thus, 42 U.S.C. 1983 may, under some circumstances, provide a damages remedy against such a prosecutor.

{¶24} Turning now to Tuleta's complaint, he must aver that the prosecutors acted beyond advocacy and allege facts that establish the functionality test in order to override the prosecutor's absolute immunity defense. After viewing Tuleta's complaint, we conclude that it is devoid of any facts that establish that the prosecutors Mason, Gutierrez, and McGrath acted beyond advocacy or acted as investigators. Tuleta's claims arose

from the prosecutor's initiating the underlying case and advocating the state's position. Nowhere in the pleadings does Tuleta allege that the prosecutors engaged in any investigative activities over and above that required to professionally evaluate the evidence assembled by the police, and appropriately prepare for the presentation of that evidence at trial or before the grand jury following their decision to seek an indictment.

{¶25} That being said, it is also well-settled that the duties of the prosecutor in his or her role as advocate for the state involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom. *Imbler*. Thus, absolute immunity extends to the preparation necessary to present a case, and part of that decision involves an evaluation of the evidence present in each case. *Brand v. Geissbuhler*, 8th Dist. Cuyahoga No. 70565, 1997 Ohio App. LEXIS 709 (Feb. 27, 1997).

{¶26} Applying all of the foregoing, we conclude that prosecutors Mason, Gutierezz, and McGrath are all entitled to absolute immunity in this matter because the claims arose from their protected rules as prosecutors. Accordingly, we overrule the first assigned error.

### Statutory Immunity

{¶27} In the second assigned error, Tuleta argues the trial court erred when it determined that prosecutors Mason, Gutierrez, and McGrath were entitled to statutory immunity.

{¶28} Pursuant to R.C. 2744.03(A)(7),

The political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer

of a political subdivision, an assistant of any such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code.

{¶29} As discussed in the first assigned error, it is well-settled common law that prosecutors enjoy absolute immunity from suit for acts committed in their roles as judicial officers. Thus, R.C. 2744.03(A)(7) preserves the absolute immunity available to prosecutors at common law. *See Jopek v. Cleveland*, 8th Dist. Cuyahoga No. 93793, 2010-Ohio-2356. As such, the trial court did not err when it dismissed Tuleta's complaint based also on statutory immunity. Accordingly, we overrule the second assigned error.

{¶30} Judgment affirmed.

It is ordered that appellees recover from appellants their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, A. J., and
EILEEN A. GALLAGHER, J., CONCUR