[Cite as *Moore v. Cleveland*, 2014-Ohio-1426.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100069

---

# JOANNE MOORE, ET AL.

### PLAINTIFF-APPELLEE

vs.

# CITY OF CLEVELAND, ET AL.

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-10-743088 and CV-11-764319

**BEFORE:** Jones, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

**ATTORNEYS FOR APPELLANTS**

**For Joanne Moore**

Christine M. LaSalvia
Jeffrey H. Friedman
Friedman, Domiano & Smith
55 Public Square
Suite 1055
Cleveland, Ohio 44113

Terry H. Gilbert
Friedman & Gilbert Attorneys at Law
55 Public Square
Suite 1055
Cleveland, Ohio 44113

**For Latundra Billups**

Blake A. Dickson
Jacqueline M. Mathews
Mark D. Tolles, II
The Dickson Firm, L.L.C.
Enterprise Place, Suite 420
3401 Enterprise Parkway
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland Director of Law

BY: Awatef Assad
Assistant Law Director

Thomas J. Kaiser
Chief Trial Counsel
601 Lakeside Avenue
Room 106
Cleveland, Ohio 44114

LARRY A. JONES, SR., P.J.:

**{¶1}** The plaintiffs-appellants are as follows: Joanne Moore, individually and as the administrator of the estate of Janice Webb; Bobbie Lee Dancy, individually and as the administrator of the estate of Amelda Hunter; Dorothy Pollard, individually and as the administrator of the estate of Diane Turner; Debra Williams, individually and as the administrator of the estate of Telacia Fortson; Kyana Hunt, individually and as the administrator of the estate of Nancy Cobbs; Jim Allen, individually and as the administrator of the estate of Le-Shanda Long; Mary Mason, individually and as the administrator of the estate of Michelle Mason, Yvonne Williams-McNeill, individually and as the administrator of the estate of Tishana Culver; and Latundra Billups.[1] They appeal the trial court's decision granting defendant-appellee's, Lorraine Coyne, motion for judgment on the pleadings.

**{¶2}** We affirm.

## I. Background Facts

**{¶3}** In 2010 and 2011, the above-named plaintiffs and three additional plaintiffs (*see* fn. 1) filed suit in five separate trial court cases against numerous defendants,

---

[1]Three additional plaintiffs are not named in the notice of appeal and, therefore, are not parties to this appeal: Florence Bray, named individually and as the administrator of the estate of Crystal Dozier; Donald Smith, named individually and as the administrator of the estate of Kim Smith; and Gladys Wade.

including the city of Cleveland, the former Cuyahoga County Board of Commissioners, the Cuyahoga County Sheriff's Department, various members of the Cleveland police department and the City of Cleveland assistant prosecuting attorney Lorraine Coyne. The trial court consolidated the cases.

{¶4} The plaintiffs alleged that the defendants failed to properly investigate Anthony Sowell, who, in 2009, was arrested and indicted on 85 counts of murder, kidnapping, rape, and abuse of a corpse after a search at his house and property revealed the remains of 11 women. Sowell was convicted of 81 counts and sentenced to death. *State v. Sowell*, Cuyahoga C.P. No. CR-09-530885. He is currently appealing his conviction and death sentence. *See State v. Sowell*, 133 Ohio St.3d 1509, 2012-Ohio-5921, 979 N.E.2d 354 (motion and procedural ruling).

{¶5} The plaintiffs alleged, in part, that the defendants were the proximate cause of death or injury by Sowell because the defendants released him from jail after he was arrested for rape and assault on December 8, 2008, even though the defendants had more than sufficient evidence of probable cause to hold and charge him. It was after this release that many of the women went missing and were murdered by Sowell.

{¶6} The plaintiffs further alleged that on December 8, 2008, a bleeding woman ran up to a police car and told the police that Sowell had punched and choked her, tried to rip her clothes off, and kill her. The police arrested Sowell. Two days later, on December 10, members of the Cleveland police met with assistant prosecutor Coyne and they reviewed the case. Coyne decided there was insufficient evidence to file charges against

Sowell. Sowell was then released from jail. According to the complaints, the defendants claimed there were no visible signs of injuries to the victim "despite witnesses seeing her bleeding, and the medical release forms signed by the victim to confirm medical treatment."

{¶7} In April and September of 2009, two other women claimed to have been raped and assaulted by Sowell. In October 2009, Sowell was arrested after witnesses saw a naked woman falling from a window at his home. It was at this time that a search of the house and property was conducted, and the bodies of 11 women were found.

{¶8} The plaintiffs represented 10 of the 11 estates of the deceased women as well as two of the surviving women who had accused Sowell of assaulting them.

{¶9} In response to the complaints, Coyne filed a motion for judgment on the pleadings, arguing that she was immune from liability because she was acting in her position as a prosecutor when she made the decision not to charge Sowell in December 2008. The plaintiffs opposed the motion.

{¶10} The trial court issued a written opinion granting Coyne's motion, finding that she was entitled to absolute immunity from civil liability related to her alleged failure to investigate or prosecute Sowell as a result of the 2008 incident. The trial court dismissed all claims against Coyne with prejudice.

{¶11} The remaining defendants moved the trial court to stay the case pending the outcome of the plaintiffs' appeal; the court granted defendants' motion.

{¶12} The plaintiffs-appellants raise one assignment of error for our review:

I. The trial court erred in granting defendant Lorraine Coyne's motion for judgment on the pleadings * * * because plaintiffs pled a set of facts in their respective complaints that, if proven, would entitle them to relief and abrogate defendant Lorraine Coyne's qualified immunity, relative to the performance of her investigative and administrative duties.

## II. Law and Analysis

**Standard of Review**

{¶13} A motion for judgment on the pleadings presents only questions of law, which this court reviews de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5; *Dearth v. Stanley*, 2d Dist. Montgomery No. 22180, 2008-Ohio-487, ¶ 24. Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973). Dismissal is appropriate under Civ.R. 12(C) when, after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

**Statutory Immunity**

{¶14} R.C. 2744.03(A)(7) provides as follows:

The political subdivision, and an employee who is a county prosecuting

attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant of any such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code.

{¶15} R.C. 2744.03(A)(6), provides that, in addition to any immunity or defense referred to in R.C. 2744.03(A)(7), an employee, as defined in R.C. 2744.01(B), is immune from liability unless one of the following applies:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.

{¶16} The plaintiffs' complaints alleged that Coyne was an assistant city prosecutor at the time of Sowell's December 2008 arrest; therefore, R.C. 2744.03(A)(7) would apply. The next step is to determine whether any defense or immunity available at common law is applicable.

**Common Law Immunity**

{¶17} The United States Supreme Court has held that prosecutors are considered "quasi-judicial officers" entitled to the absolute immunity granted to judges when their activities are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The

*Imbler* Court held that a prosecutor has absolute immunity "in initiating a prosecution and in presenting the State's case." *Id.* at 431. But absolute immunity does not always extend to a prosecutor engaged in "essentially investigative or administrative functions." *Willitzer v. McCloud*, 6 Ohio St.3d 447, 449, 453 N.E.2d 693 (1983).

{¶18} To determine whether absolute immunity attaches to a particular prosecutorial activity, the *Imbler* Court adopted a "functional analysis." *Imbler* at 430. This approach requires a court to examine "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). The Supreme Court has recognized that the duties of the prosecutor in his or her role "as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Imbler* at 431, fn. 33. Thus, "[i]mmunity extends to 'the preparation necessary to present a case,' and this includes the 'obtaining, reviewing, and evaluation of evidence.'" *Id.* In order for absolute immunity to attach to a prosecutor's administrative or investigative acts, such must be necessary for the "initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

{¶19} If a court finds that a prosecutor's actions are not covered by absolute immunity, then the prosecutor may be entitled to qualified immunity. By way of example, the United States Supreme Court held that a prosecutor was entitled to absolute immunity for his testimony at a probable cause hearing but not for giving legal advice to the police regarding the use of hypnosis as an investigative technique and the existence of

probable cause to arrest. *Burns v. Reed*, 500 U.S. 478, 496, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). The prosecutor had told police that they could question the suspect under hypnosis and after the questioning had been completed, that they "probably" had probable cause to arrest her. The Court reasoned:

> [T]he qualified immunity standard is today more protective of officials than it was at the time that *Imbler* was decided. "As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law." * * * The [argument] that giving legal advice is related to a prosecutor's role in screening cases for prosecution and in safeguarding the fairness of the criminal judicial process * * * proves too much. Almost any action by a prosecutor, including his or her direct participation in purely investigative activity, could be said to be in some way related to the ultimate decision whether to prosecute, but we have never indicated that absolute immunity is that expansive. * * * [T]he judicial process, will not necessarily restrain out-of-court activities by a prosecutor that occur prior to the initiation of a prosecution, such as providing legal advice to the police. This is particularly true if a suspect is not eventually prosecuted. * * * We do not believe [that] advising the police in the investigative phase of a criminal case is so "intimately associated with the judicial phase of the criminal process," that it qualifies for absolute immunity.

(Internal citations omitted). *Id.* at 493, 494-496.

{¶20} The United States Supreme Court has also pointed out the difference that the police and prosecutors often take in criminal investigations. In *Buckley*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209, the Court stated with respect to investigative acts such as interviewing witnesses:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor

justifiable that, for the same act, immunity should protect the one and not the other.

*Id.* (quotation omitted). The *Buckley* Court held that the prosecutors were therefore only entitled to qualified immunity for allegedly conspiring to fabricate evidence during the preliminary investigation of a crime, and for making false statements at a press conference. *Id.* at 275, 277.

**Appellants' Claim**

**{¶21}** The appellants argue that Coyne's failure to conduct a proper preliminary investigation of the December 8, 2008 incident did not constitute an advocatory function; therefore, she should not be entitled to absolute immunity for her failure to conduct said investigation. Specifically, the appellants claim that their complaint "suggests": (1) having been made aware of the allegations against Sowell, Coyne failed to conduct any reasonable investigation by failing to verify and analyze physical evidence, interview witnesses, or consider Sowell's past convictions and status as a sex offender; (2) Coyne prematurely ended the investigation without considering physical evidence, following up with witnesses, interviewing the victim, or evaluating Sowell's criminal history; and (3) Coyne advised the police to release Sowell despite the evidence against him and his criminal history. Thus, appellants argue, Coyne failed in regard to three non-advocatory functions.

**{¶22}** The appellants further argue that Coyne is not entitled to qualified immunity because her actions, or lack thereof, were done with malicious purpose, in bad faith, and/or in a wanton or reckless manner. As will be explained in further detail below, however,

we need not consider whether Coyne is entitled to qualified immunity. Once absolute immunity has been established under R.C. 2744.03(A)(7), it cannot be defeated by application of the "malicious purpose, bad faith" qualified immunity provisions of R.C. 2744.03(A)(6). *Jopek v. Cleveland*, 8th Dist. Cuyahoga No. 93793, 2010-Ohio-2356, ¶ 36.

**Related Federal Case**

{¶23} Donnita Carmichael brought suit in federal court, individually and in her official capacity as administrator of the estate of Tonia Carmichael, against 21 defendants, including Lorraine Coyne. Sowell also murdered Tonia Carmichael. Donnita Carmichael alleged Coyne was liable for Coyne's alleged failure to investigate and decision not to prosecute the same 2008 case against Sowell.

{¶24} Coyne moved to dismiss the claims against her pursuant to Fed.R.Civ.P. 12(B)(6). In *Carmichael v. Cleveland*, 881 F. Supp.2d 833, 845 (N.D.Ohio 2012), the federal district court held that Coyne was entitled to absolute prosecutorial immunity for her alleged conduct.

{¶25} The *Carmichael* court relied on *Imbler's* functional approach, noting that the approach examines the nature of the functions with which a particular officer or class of officials has been lawfully entrusted, and seeks to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions. *Carmichael* at *id.* citing *Forrester*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555. The *Carmichael* court further noted that

[t]o distinguish between conduct entitled to absolute immunity and conduct entitled to qualified immunity, "the critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate ultimately associated with the judicial phase of the criminal process."

*Id.* at 846, quoting *Joseph v. Patterson*, 795 F.2d 549, 554 (6th Cir.1986).

**{¶26}** Although Carmichael had challenged Coyne's "alleged failure to investigate the facts of Anthony Sowell's 2008 case, and her decision to not bring charges against Sowell," the court determined that Coyne's "alleged actions spring from her role as a quasi-judicial officer. It is clear that the decision to investigate criminal charges is 'quasi-judicial' or 'advocatory,' and thus is protected by absolute immunity." *Id.* at 845, 846. The court continued: "[T]he decision to prosecute, 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*.'" (Citation omitted.) *Id.* The court concluded that despite the allegations in Carmichael's complaint, Coyne was "absolutely immune from both suit and liability concerning the alleged failure to investigate Mr. Sowell's 2008 case, and the decision not to prosecute that case." *Id.*

**{¶27}** The appellants in this case urge us to ignore the court's holding in *Carmichael*. The appellants claim that the district court's decision was premised *solely* on Coyne's decision not to file charges against Sowell. Appellants argue that the district court's decision did not analyze whether Coyne would be immune from liability for her (1) failure to investigate, (2) prematurely terminating the investigation, and (3) advice to

police to "straight-release"[2] Sowell. Therefore, according to the appellants, *Carmichael* is inapplicable to the instant case. But even if this court were to find *Carmichael* persuasive, the appellants argue, the district court's decision was erroneous, is currently being appealed,[3] and *Carmichael* is not binding upon this court.

{¶28} As an initial matter, we note that the district court in *Carmichael* specifically held that the decision to prosecute, the decision to investigate, and the alleged failure to investigate are all entitled to absolute immunity. *Id.* at 845-846. As a matter of common sense, that holding can be extended to include the termination of the investigation. Thus, the only matter for which the *Carmichael* court did not specifically touch upon is the appellant's allegation on appeal that Coyne advised the police to "straight-release" Sowell.

**Plaintiffs' Complaints**

{¶29} The complaints filed by the plaintiffs-appellants read, in part pertinent to Coyne, as follows:

- Defendant [Lorraine] Coyne, at all times relevant, was an assistant City of Cleveland Prosecutor employed by Defendant City of Cleveland.

Moore Second Amended Complaint, ¶ 11; Billups Complaint, ¶ 6.

- On December 10, 2008, Defendant detectives met with Defendant Assistant City Prosecutor [Lorraine] Coyne, and upon review of the

---

[2]According to the plaintiffs' complaints, "straight-release" is where suspects are released shortly after arrest without being formally charged with a crime.

[3]*Carmichael v. Cleveland*, 6th Cir. No. 12-3657.

case, they decided there was insufficient evidence to file prosecution papers, and Anthony Sowell was released. They claimed there were "no visible signs" of injuries despite witnesses seeing her bleeding, and the medical release forms signed by the victim to confirm medical treatment.

Moore Second Amended Complaint, ¶ 25.

- On December 10, 2008, the Defendant detectives and/or police officers met with Defendant Assistant City Prosecutor [Lorraine] Coyne. Upon review of the case, they decided there was not sufficient evidence to file charges and decided to release Anthony Sowell from custody. Specifically, the Defendant detectives and/or police officers claimed there were "no visible signs" of injuries, despite witnesses seeing [the victim] bleeding, and the medical release forms signed by the victim to confirm medical treatment. [The victim] had clear and obvious injuries after the attack and she likely had Anthony Sowell's DNA on her body. [The victim's] blood was in Anthony Sowell's home.

Billups Complaint, ¶ 21.

**Prosecutorial Immunity**

{¶30} The appellants must allege facts "that establish the functionality test in order to override the prosecutor's absolute immunity defense." *Tuleta v. Med. Mut. of Ohio*, 8th Dist. Cuyahoga No. 100032, 2014-Ohio-930, ¶ 24. We find that the plaintiffs' complaints failed to allege that Coyne engaged in an investigation separate from her prosecutorial duties; rather the complaints alleged that she met with Cleveland police detectives, reviewed their investigation, and subsequently determined there was not sufficient evidence to file charges against Sowell. The police then released Sowell based on the prosecutor's decision not to file charges against him; the complaints do not allege that Coyne gave police any advice that would rise to the level, for example, that the court

found in *Burns*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547. Nor do the facts as alleged in the complaints establish that Coyne acted beyond her role as an advocate for the state or as an investigator.

{¶31} In *Ireland v. Tunis*, 113 F.3d 1435 (6th Cir.1997), the Sixth Circuit Court of Appeals held that absolute prosecutorial immunity attaches to acts necessary for a prosecutor to initiate or maintain a criminal prosecution, which, in *Ireland*, was extended to the decision to seek an arrest warrant. The court explained:

> A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity. In this role, a prosecutor is unquestionably functioning as an advocate for the state in the judicial process, and absolute immunity is fully justified because the integrity of the judicial system depends in large part upon a prosecutor's ability to exercise independent judgment in deciding whether and against whom to bring criminal charges.

*Id.* at 1446.

{¶32} In *Ghaster v. Rocky River*, 8th Dist. Cuyahoga No. 99779, 2013-Ohio-5587, this court held that the trial court correctly granted the city prosecutor and law director's motion to dismiss on immunity grounds. This court found that initiating criminal proceedings and witness investigation fell within the prosecutor's advocacy function and, as such, were entitled to absolute immunity. *Id.* at ¶ 25-26.

{¶33} In this case, Sowell had already been arrested when Coyne met with detectives. Coyne made the decision not to initiate a prosecution, finding that there was insufficient evidence to charge him at that time. There is nothing in the complaint to indicate that Coyne took part in investigating the incident. According to the factual

allegations in the plaintiffs' complaints, Coyne reviewed the information that the Cleveland police detectives presented to her and declined to prosecute based on her review of the evidence. Based on this, she is entitled to absolute immunity. *See Tuleta*, 8th Dist. Cuyahoga No. 100032, 2014-Ohio-930 (affirming trial court's decision to grant prosecutors' motion to dismiss because prosecutors were entitled to absolute immunity for initiating a prosecution and advocating the state's position); *Jopek*, 8th Dist. Cuyahoga No. 93793, 2010-Ohio-2356 (finding prosecutor was entitled to absolute immunity when determining whether to initiate criminal charges); *Boone v. Kentucky*, 72 Fed.Appx. 306, 307 (6th Cir.2003) (holding that "[t]he decision on whether to prosecute is unquestionably advocacy and is at the heart of the *Imbler* holding.").

{¶34} In light of the above, the trial court did not err when it granted Coyne's motion for judgment on the pleadings and dismissed the claims against her with prejudice.

{¶35} The sole assignment of error is overruled.

{¶36} Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN
JUDGMENT ONLY